TULLER *v.* MICHIGAN CENTRAL RAILROAD CO.

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—NOTICE—HOLDING OVER—EVIDENCE.

In summary proceedings to obtain possession of premises held over by defendant as subtenant after expiration of the lease, defendant was not entitled to three months' notice, as provided by 3 Comp. Laws 1915, § 11812, but where plaintiff had not assented to the tenancy of defendant the provisions of section 13240, 3 Comp. Laws 1915, were applicable.

Error to Wayne; Hosmer, J. Submitted October 17, 1916. (Docket No. 162.) Decided December 22, 1916.

Summary proceedings by Elizabeth Tuller against the Michigan Central Railroad Company for the possession of land. From an order of restitution, defendant appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*J. W. Dohany* (*Henry Russel* and *Frank E. Robson*, of counsel), for appellant.

*A. B. Hall*, for appellee.

MOORE, J. This is an action brought to recover possession of a strip of land 20 feet wide in the city of Detroit lying between the right of way of the Lake Shore & Michigan Southern Railroad Company on the north, and Piquette avenue on the south, and Russell street on the east and the west line of lot 2 on the west. Complaint to recover possession was made before a circuit court commissioner for Wayne county. Summons was issued and served upon the defendant. The case was tried, the defendant was found guilty, and appealed the case to the circuit court. No regular statutory notice to quit was given by plaintiff to defendant before making the complaint to recover possession in the circuit court commissioner's office.

The trial judge stated the case now before us so clearly in his charge to the jury that we quote from it:

"Gentlemen of the jury, under the evidence which has been given in this case I think that plaintiff is entitled to recover. The evidence shows that originally the old Peninsular Car Company entered into possession under a lease from the complainant of the property in question, and, having entered into possession, gave a sublease to the Michigan Central Railroad Company. To that lease executed by the plaintiff to the Peninsular Car Company the American Car & Foundry Company afterwards succeeded. The testimony shows that there were various leases and re-leases of causes of action entered into between the American Car &

Foundry Company and complainant with reference to the balance of this property from which this 20-foot strip was originally taken, and that the leases to the American Car & Foundry Company and Peninsular Car Company and the sublease to the Michigan Central Railroad Company expired by limitation in January, 1914. The question before the court at the present time is, not the title to the property, because the title to the property in the complainant is conceded, but is whether the complainant is entitled to the possession of the premises without giving three months' notice to the Michigan Central Railroad Company. It is provided, by section 13684, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 13240, that when a person shall hold over any lands or tenements after the time for which they were demised or let to him or to the person under whom he holds, that recovery may be had in the manner pointed out by the act, of the premises, and unless the evidence shows that there was a distinct assent on the part of the complainant to the holding over of the Michigan Central Railroad Company as subtenant of the American Car & Foundry Company that complainant would be entitled to the premises. There is no evidence from which an inference can be drawn that there was any assent on the part of Elizabeth Tuller to the holding over of the Michigan Central Railroad Company. The testimony as I recall it—I may be in error, for Miss Tuller spoke in a rather low voice, but I think that the conference shows that she desired, in the negotiations with respect to the property, that she desired the property or a satisfactory lease, and the last testimony I recall that she gave was that she told Mr. Russell that she would have to serve papers upon him. Now, I think there is no evidence from which assent can be implied; if from the mere lapse of time, something like two years, assent can be implied, it is error on my part to take it away from you; but, where the evidence is given of nonassent as is given here, I do not think the mere lapse of time can be held to give assent."

The trial judge directed a verdict in favor of the plaintiff. The case is brought here by writ of error.

We quote from the brief of counsel:

"There is no dispute as to the ownership of the property, the only question in the case being whether or not the defendant is a tenant at will or by sufferance, and, if so, then the complaint was prematurely filed, as it is admitted no notice was given to the railroad company to vacate."

It is argued that by reason of section 10952, 4 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 11812, it was necessary to give a three months' notice before complaint could be made. It is the claim of plaintiff that defendant never obtained any more rights than her lessee had, and that by the terms of the lease it ended January 18, 1914, and that plaintiff has never consented either expressly or impliedly to any extension of the lease, and that by the provisions of subdivision 1, § 13684, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 13240, she is entitled to maintain this action.

The plaintiff is an aged woman and was not a witness. Her daughter was a witness and was examined and cross-examined at length. Correspondence was in evidence passing between the attorney for the plaintiff and the defendant. No testimony was offered on the part of defendant. It would profit no one to recite this evidence or reproduce the correspondence. We shall content ourselves with saying that, after a careful examination of it, we think the trial judge was right in his conclusion that it shows nonassent to the tenancy of defendant.

The judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.